```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
                   NORTHERN DIVISION
                     AT COVINGTON
```

CONSOLIDATED
CIVIL ACTION NO. 06-07 (WOB)

MIDWEST MEDIA PROPERTY,
LLC, ET AL                                              PLAINTIFFS

VS.                 MEMORANDUM OPINION AND ORDER

CITY OF CRESCENT SPRINGS,
KENTUCKY, ET AL                                         DEFENDANTS

This matter is before the court on defendants' motion for summary judgment (Doc. #42), plaintiffs' motion for partial summary judgment (Doc. #44), and plaintiffs' motion to strike (Doc. #59).

The court heard oral argument on these motions on Friday, March 14, 2008. Adam Webb and Aaron VanderLaan represented the plaintiffs. Defendants were represented by Mary Ann Stewart, and defendant the City of Erlanger was also represented by Frank Wichmann. Also present were Tom Vergamini of the City of Crescent Springs and Larry Kline, City Administrator for the City of Fort Wright. Court reporter Lisa Wiesman recorded the proceedings.

Having heard the parties, the court now issues the following memorandum opinion and order.

### *Factual and Procedural Background*

Plaintiff Midwest Media Property, LLC ("Midwest") is in the business of erecting and operating advertising signs that are utilized by businesses, churches, organizations, and individuals to communicate commercial and noncommercial messages. The other plaintiffs are clients of Midwest on whose behalf Midwest applied for sign permits from defendants.

In late 2005, Midwest applied for several permits to erect signs within the City of Crescent Springs. The City denied Midwest's applications on the grounds that the proposed signs were "advertising" signs disallowed by the City's zoning regulations, i.e., that the signs promoted businesses or services that were not located on the premises where the sign was to be erected ("the off-premises restriction"). It is also undisputed that the signs for which Midwest applied did not comply with separate size restrictions contained in the cities' zoning ordinances.

Midwest did not appeal the denial of its permit applications to the Board of Adjustment as provided for in the Kentucky zoning statute.

Midwest made similar zoning applications to the cities of Ft. Wright and Erlanger in 2005, which were denied for similar reasons, as the zoning regulations then in effect for these three cities were substantially similar. Midwest also did not appeal

these denials to the Board of Adjustment.

Midwest filed this action on January 11, 2006.  Midwest alleged that the City of Crescent Springs' zoning ordinances are facially invalid under the First Amendment for numerous reasons. Specifically, Midwest alleges that: the zoning regulations impermissibly favor commercial over noncommercial speech; their content-based restrictions cannot survive strict scrutiny; they lack required procedural protections that limit the discretion of zoning officials; they lack a statement of governmental purpose as required by Supreme Court precedent governing restrictions on commercial speech; the restrictions are not narrowly-tailored; and they are vague and ambiguous in violation of due process.

Midwest filed similar suits in February 2006, against the Cities of Fort Wright and Erlanger.  On February 24, 2006, plaintiffs filed motions for preliminary injunctions in both the Crescent Springs and Fort Wright cases.

In response to these lawsuits, these three cities, per the direction of the Kenton County Municipal Planning and Zoning Commission ("KCMP&ZC"), amended their sign ordinances and adopted model zoning text amendments recommended by the KCMP&ZC.  The effective dates for these amendments were: Crescent Springs (March 13, 2006), Ft. Wright (April 5, 2006), and Erlanger (March 7, 2006).  These amendments removed the challenged "off-premises"

restrictions. Plaintiffs did not apply for permits under the amended ordinances, nor did they amend their complaint to state claims based on them.

In December 2006, this court denied plaintiffs' request for preliminary injunctive relief on the grounds that, because the zoning ordinances had been amended and plaintiffs had not submitted applications under them, plaintiffs were not suffering present or prospective injury (Doc. #36). The court nonetheless allowed discovery to proceed on plaintiffs' claims for damages flowing from the former sign ordinances.

Defendants have now filed a motion for summary judgment, and plaintiffs have filed a motion for partial summary judgment. Plaintiffs have also moved to strike affidavits submitted by defendants in support of their motion for summary judgment. These motions are now ripe.

### *Analysis*

Despite the numerous arguments raised by the parties in their briefs, the court concludes that the outcome in this matter is controlled by the Sixth Circuit's recent decision in *Midwest Media Prop., L.L.C. v. Symmes Township, Ohio*, 503 F.3d 456 (6th Cir. 2007), *reh'g en banc denied*, 512 F.3d 338 (2008).

There, plaintiff Midwest Media and several of its clients challenged sign regulations that contained the same type of "off-

premises" ban as that found in the former regulations at issue here.[1] All of the applications were rejected on the basis of that provision, and some were rejected on the additional ground that the proposed signs also violated Symmes Township's size and height requirements. *Id.* at 459-60.

On summary judgment, defendants argued that plaintiffs lacked standing because, even if they prevailed on their claim that the "off-premises" ban in the former regulations was unconstitutional, their claims were still not redressable because the applications either were, or could have been, denied on the separate basis that the proposed signs did not comply with the size and height limitations. For those applications that had been denied solely because of the "off-premises" ban, defendants submitted affidavits of zoning officials addressing the size and height issue and stating that they could have denied the applications on that basis as well. *Id.* at 460.

The district court granted defendant's motion for summary judgment, and plaintiffs appealed. After holding that the amendment of the zoning regulations did not moot plaintiffs' claims for damages, *id.* at 460-61, the Sixth Circuit addressed the standing question:

---

[1] As here, after the lawsuit was filed, Symmes Township amended its regulations to remove the "off-premises" provision. *Id.* at 460.

5

> The key problem with plaintiffs' claim is one of redressability. Even if plaintiffs could show that the township's original off-premises advertising ban (or its sign approval process) violated the First Amendment, each of Midwest Media's nine sign applications sought permission to post signs that plainly violated the township's size and height regulations. . . . Yet plaintiffs chose not to challenge the size and height requirements in their complaint – perhaps in view of the difficulty of such a challenge here. *See Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 818-21 (6th Cir. 2005) (rejecting challenge to sign ordinance's size and height requirements) . . .
>
> . . . .
>
> Having chosen not to challenge the size and height regulations and having filed nine applications to post a sign in the township that violated these regulations, plaintiffs cannot tenably show that success in challenging *other* regulations of the sign ordinance will redress any injury caused by these regulations. <u>For even in the absence of these regulations – even if, consistent with the relief sought in plaintiffs' complaint, our court invalidated them – that would not redress plaintiffs' injury because the size and height restrictions still would preclude the township from approving their sign applications and thus still would preclude plaintiffs from erecting each of these signs.</u>

*Id.* at 461-62 (italics in original; underlining added).

The court noted that this result was consistent with holdings from other circuits, *id.* at 462, and it also held that plaintiffs' invocation of the overbreadth doctrine did not change the result because plaintiffs still had to show an injury flowing from the specific rule being challenged. *Id.* at 463.

The Sixth Circuit further rejected plaintiffs' argument that the size and height requirements were not severable, holding that they "prohibited plaintiffs from obtaining <u>relief on their damages and injunction claims</u>" and that "the district court

6

properly relied on those provisions in concluding that plaintiffs lacked standing to bring this lawsuit." *Id.* at 465 (emphasis added).

The motions before this court present a nearly identical situation. While plaintiffs' applications were denied solely on the basis of the "off-premises" restriction, it is undisputed that the signs they proposed to erect within defendants' cities violated the separate size and height restrictions of the applicable ordinances. (*See* Affidavits of Mark Stewart and Mark Schwartz)  As in the *Symmes Township* case, plaintiffs have not alleged or presented evidence that they intend to submit applications for signs that would comply with those separate requirements. *See id.* at 462.

Plaintiffs attempt to avoid the same result here by arguing that defendants' affidavits should be stricken as untimely and not considered. The court is not persuaded. First, the fact that plaintiffs' applications proposed the erection of signs that were bigger than those allowed by the former regulations has long been part of this record and is not disputed. It is evidence on which the court could rely even in the absence of the affidavits.

Secondly, defendants' late submission of the affidavits does not appear to have been in bad faith but instead was done in response to (1) plaintiffs' repeated argument that the absence of such affidavits defeated defendants' motion, and (2) the Sixth

7

Circuit's reliance on such affidavits in the *Symmes Township* decision. Again, however, the affidavits merely make manifest a conclusion that the court could have been reached on facts which were already in the record and which are undisputed.

Thus, as in *Symmes Township*, even if plaintiffs prevailed on their claim that the former "off-premises" restriction violated the First Amendment, they still could not get the relief they seek – damages or an order allowing them to erect the proposed signs – because the signs violated other provisions of the regulations which have not been challenged.

Finally, the court notes that, while plaintiffs asserted at oral argument that they also challenge the size and height restrictions contained in the zoning ordinances, the Sixth Circuit has upheld such limitations as valid content-neutral time, place and manner restrictions. *See Prime Media, Inc. v. City of Brentwood,* 398 F.3d 814, 821 (6th Cir. 2005).


Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that defendants' motion for summary judgment (Doc. #42) be, and is hereby, **GRANTED**, and plaintiffs' motion for partial summary judgment (Doc. #44) and motion to strike (Doc.

#59) be, and are hereby, **DENIED**. A separate judgment shall enter concurrently herewith.

This 4th day of April, 2008.



Signed By:
William O. Bertelsman   WOB
United States District Judge

TIC: 30 min.